UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAULETTE HARDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02088-RLY-TAB |
| | ) | |
| BLOOMINGTON POLICE DEPT., | ) | |
| MICHAEL DIEKHOFF Chief, | ) | |
| JEFFREY ROGERS Detective, | ) | |
| JANE DOE, | ) | |
| JOHN DOE 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO AMEND**

Before the Court is Plaintiff Paulette Hardin's first motion for leave to amend her complaint. [Filing No. 24.] With this amendment, Hardin seeks to add 23 new Defendants to this lawsuit. Yet the proposed amended complaint is completely devoid of any allegations related to 22 of those 23 Defendants. This is not the first time the Court has called out Hardin's counsel for seeking to file an improper amended complaint. On March 13, 2023 (over a month before counsel filed the present motion to amend), the Court entered an order describing counsel's "tortured attempt" to amend a complaint in a different case. *See* Order Regarding Plaintiff's Proposed Amended Complaint, *Parker v. Sanders et al*, No. 1:22-cv-01914-RLY-TAB (S.D. Ind. March 13, 2023) (Filing No. 19).[1]

---

[1] Hardin's counsel's performance in the present case has faltered elsewhere. He failed to appear at the telephonic initial pretrial conferences the Court set on January 17, 2023, and February 17, 2023. [Filing No. 10; Filing No. 13.] The Court then ordered Hardin's counsel to show cause for counsel's failure to appear. After receiving counsel's response, the Court discharged the order to

Moreover, as to the only Defendant that the proposed amended complaint does address—Katherine (Kate) Tiernan—none of the allegations provide a factual basis to support any legal claim against her or to show that Hardin is entitled to any relief from Defendant Tiernan. Thus, Defendants argue that the proposed amendments to the complaint are futile. [Filing No. 26, at ECF p. 1.] The Court agrees.

An amendment is futile if the amended pleading would not survive a motion to dismiss. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). To survive a motion to dismiss, the amended complaint must " 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Id*. at 685 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). While Hardin adds 23 new defendants to the caption of her proposed amended complaint, the complaint itself contains no statement suggesting Hardin is entitled to any relief from those 22 newly proposed defendants. In addition, as noted above, although the complaint contains factual allegations as to Defendant Tiernan, none of Tiernan's alleged actions provides a basis for a legal claim against her under the Fourth, Fifth, or Fourteenth Amendments of the United States Constitution. Similarly, Hardin's proposed amended complaint also seeks to add a claim for an alleged violation of her rights under the Fifth Amendment, but there are no facts alleged in the proposed amended complaint to support an alleged violation of any provision of the Fifth Amendment.

For these reasons, allowing Hardin to file the proposed amended complaint would be futile. Accordingly, Hardin's motion to amend [Filing No. 24] is denied. The time to amend as a matter of course—21 days after service of Defendants' answer—has passed. *See* Fed R. Civ. P.

---

show cause and set the matter for a third telephonic initial pretrial conference in March. [Filing No. 15.]

15(a)(1).  Defendants filed their answer in December 2022; Hardin did not file her motion to amend until April 24, 2023, over four months later.  The Court is well aware of its obligation to freely give leave to amend when justice requires.  Fed. R. Civ. P. 15(a)(2).  However, given the amount of time that has passed since this matter was removed, the recent issues the Court has had to address with counsel's amended pleadings, and that the deadline to amend expired April 27, 2023 [Filing No. 18, at ECF p. 3], any further motion for leave to amend will face a formidable obstacle.

Date: 6/1/2023

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email